Overton, J.
 

 sitting alone, delivered the following opinion.
 

 This is an action of covenant ; plea
 
 duress,
 
 replication and issue. From the record it appears, that the plaintiff offered in evidence. in order to repel the idea of duress, first, an endorsement of a credit on the back of the obligation in the hand writing of the plaintiff ; secondly, evidence of conversation and acts of the defendant Coffman, operating as a confirmation of the original transaction, as it has been insisted.
 

 The counsel for the plaintiff, in the court below, seemed to have urged the reception of evidence as to these after conversations and acts, on the ground of confirmation alone, and to this point only, the judge in his charge, seems to have directed his attention. Perhaps, both were inaccurate in legal phraseology, in their mode of treating the subject. It seemed not amiss to advert to this circumstance, disclosed by the record, as it will naturally account for the tract which the mind of the judge took, when considering whether the testimony should be relied on or not. The only question on this part of the subject, is, whether the judge should not have gone beyond the point of confirmation made by the counsel, and charged the jury to regard the testimony in another point of view ; as shewing the state of Coffman’s mind at the time of the execution of the covenant. Considering the testimony as amounting to a confirmation, I am inclined to think it ought to have been pleaded ; it is not, however, essentially necessary to decide this point.
 
 W
 
 hether the matter offered as evidence, so far as respects Sevier’s testimony, could have been pleaded or not, still I am of opinion, it was proper to go to the jury as testimony.
 
 *177
 
 pursuant to the issue. It was proper, as it legally might have some effect, in discovering whether the instrument was executed by coercion or not.
 

 It is not with the court to say, what effect that testimony should have had with the jury ; its province is only to determine its relevancy or competency 1 Call. 412. 561.
 
 1
 
 Cr. 118.
 

 It is certainly true, that the language of the books does not at all times, mark with precision, the distinction between acts which are void, and those which are only voidable. This is particularly the case when pleading as contradistinguished from evidence, is referred to
 
 ;
 
 and the reason of this apparent confusion is obvious
 
 ;
 
 it is because the matter rendering an act absolutely void, can be introduced either with or without plea. The matter of facts, which would invalidate voidable acts, must always be pleaded ; hence the necessity of this course as to duress.
 

 Upon an issue of duress, the inquiry must necessarily be as to the state of mind of the person pleading
 
 it;
 
 and not as to the existence of some fact, such as acts done or things which are susceptible of demonstration from the senses—Evidence of conversation, acts before, at the time, and after the supposed duress, would be proper to shew the state of mind in which the act was done. In the nature of things it is the best evidence, of which the case is capable ; for no man can swear particularly, how another felt at me time he did an act. It is not the mere affair of a person being in prison, or under circumstances of hardship, that will enable him to avoid an act. Such things may exist and yet no coercion. Hence the necessity of the inquiry as to the state of the plaintiff’s mind, and no evidence so proper as his own acts and conversation to show it.
 

 On this ground the opinion of the circuit court must be reversed, and a new trial had in the court below.
 

 If it were necessary to inquire into the other point
 
 ;
 
 the rejecting as evidence the endorsement of a credit in the hand writing of the plaintiff, I should be of opinion, the judge decided correctly. It is not parallel to the case read from Esp. N. P. There the plaintiff was not interested in making a false endorsement, at the time it was done. In this case he was, let him make it when he would.