DeaderioK, Cb. J.,
delivered the opinion of the court:
Complainants filed their bill in May, 1874, in the chancery court at Bolivar, to enj-oin the sale of the wife’s life estate in a tract of land upon which they were living.
Defendants, in 1SG7, as merchants and partners, sold goods to complainant Martha A., and in August, 1869, she executed her note therefor, and in November, 1873, they obtained a judgment against complainants for about $252, on said note, before a justice of the peace for said county.
Execution was issued thereon and levied upon the land, as above stated, returned with the papers into the circuit court, and the land was condemned and ordered to be sold, and was advertised for sale, when the bill was filed, in which complainants state that said Martha A. was a married woman when the account was made and the note executed, and that the note was therefore void, and also the judgment thereon; and that she was the head of a family in the possession of the land levied on with her husband; and that she was entitled to have the homestead, to the value of $1,000, exempted from sale, and sought -a decree to this effect.
Defendants demurred to the bill, upon the ground that the validity of the justice’s judgment could not now be inquired into, and that complainants had an unembarrassed remedy at law by appeal from the judgment, of which they might have availed themselves; and that a life estate in the wife was not the subject of the homestead, under our statutes.
*158 The demurrer was sustained as to the first ground stated, and overruled as to the second, the defendants being required to answer the bill as to the claim of homestead.
An answer was filed and depositions taken, and upon the hearing, the chancellor held that the complainants were not entitled to the homestead exemption, and dismissed their bill, from which decree they have appealed to this court.
A judgment of a court having jurisdiction of the persons and subject-matter, is conclusive between the parties as to the matter in controversy in the case, and cannot he inquired info or questioned, if unappealed from, unless it was obtained by fraud, accident, or -mistake. 8 Ter., 186; 1 Yer., 296.'
Such a judgment, unless set aside, is final as to the subject-matter of it, to all intents and purposes, no- matter how unjust it may be. 4 Hum., 174.
The defendants, having had opportunity to make defense, are precluded in a court of chancery from setting-up defenses there which were peculiarly appropriate to be made in a court of law, and which they had opportunity to make. In the cases cited, the parties were all sui juris, but we are not aware that a rule of such general application can be held to except from its operation, any party who, having a plain and unembarrassed remedy at law, neglects to interpose it.
In .Freeman on Judgments, it is said that a few of the courts, reasoning from the hypothesis that a judgment was a contract, have held that a party incompetent to contract, could not he bound by a judgment. After citing cases of the character referred to, the author proceeds to say that the preponderance of authority is in favor of the rule that-a judgment against a married woman, is not void; and when erroneous because based upon a contract she was not competent to make, or from any other reason, it is still binding upon her until set aside upon appeal or by other appropriate methods. Secs. 149, 150.
*159 The rule in all its force, and with all the reasons for it, applies to all such parties as have the remedy and the opportunity to use it.
In an action of assumpsit, under plea of the general issue, which is a denial of having made the contract alleged in the declaration, although the contract was, in fact, made, the defendant may give evidence of incapacity to contract because of infancy, lunacy, coverture, etc., existing at the time of the supposed contract. But coverture taking place since the making of the contract, must be pleaded in abatement. 1 Oh. P. [Chitty’s Pleadings], 476-7.
In an action of debt upon a bond or specialty of any kind, under the plea of non est factum, the defendant may give evidence that she was a married woman or lunatic, etc., at the time of executing the instrument. 1 Oh. P., 483-4.
Xow, it is laid down by Mr. Chitty, that coverture at the time when the supposed contract was entered into, must be pleaded in bar, though before the recent rules relating to pleadings (4 W. 4), it might have been given in evidence under the general issue non assumpsit or non est factum. 1 Oh. P., 449.
In an early case, it was held by this court that facts rendering an act absolutely void, may be proved, either with or without plea, but those rendering the act avoidable only, must always be pleaded. 2 Tenn., 176.
These rales, applicable to suits against married women, lunatics, infants, and persons under duress, show the necessity of pleading several facts and defenses necessary to defeat the action brought.
We are of opinion that the judgment against complainants is not void as to either of them; that, having failed to make their defense at the proper time, a court of equity, can give no relief.
The d_ebt was contracted in 186Y, before the passage of the act of 1868, although a note was executed in 1869 for it, and we are of opinion that the complainants are- not entitled, under the act of 1868 or the act of 18Y0, to the ex- *160 eruption of the homestead, as claimed in theix hill; and, therefore, we affirm the decree dismissing it.