Frank M. CAMPBELL and Jere L. Crook, III, Plaintiffs-Appellants,

v.

W. A. NANCE et al., Members of the Board of Mayor and Aldermen of Germantown, Tennessee, Defendants-Appellees.

Court of Appeals of Tennessee, Western Section.

Aug. 3, 1976.

Certiorari Denied by Supreme Court Oct. 18, 1976.

Everett B. Gibson, Laughlin, Halle, Regan, Clark & Gibson, Memphis, for plaintiffs-appellants.

Henry M. Beaty, Jr., Asst. City Atty., for City of Germantown, Memphis, for defendants-appellees.

CARNEY, Presiding Judge.

Plaintiffs landowners, Campbell and Crook, brought this suit by petition for writ of certiorari contending that the Defendants as Mayor and members of the Board of Aldermen of the City of Germantown, Tennessee, had acted arbitrarily, illegally, and capriciously in refusing to grant Plaintiffs' petition for change of zoning from residential to commercial of Plaintiffs' property located on Poplar Avenue in Germantown. His Honor the Trial Judge found that the Defendants "had a reasonable basis for denying the application for a change of zoning" and dismissed the petition. The Plaintiffs have appealed and assigned errors.

The jointly owned lot is .954 acre located on the north side of Poplar Avenue and the east side of Exeter Road in Germantown. The .954-acre tract is the southeast corner of a larger tract traversed by Exeter Road. That portion of the larger tract west of Exeter Road was rezoned by Plaintiffs' predecessors in title to SC–1 and is now being developed as Germantown Village Square. The .954-acre lot east of Exeter Road has remained zoned residential. At the time the Plaintiffs bought the .954-acre tract the lots lying north and east of the .954-acre tract were all zoned SC–1. The .954 acre has never had a home on it and is not suitable for residential purposes in its present condition.

The .954-acre Campbell lot fronts 114.7 feet on Poplar Avenue. The lands of Winchester, et al, lying immediately east of the Plaintiffs' .954-acre lot and west of Pete Mitchell Road front 202.03 feet on Poplar Avenue. Immediately east of Pete Mitchell Road on the north side of Poplar there is another shopping center area known as the

Farmington Group zoned SC–1 fronting 477 feet on Poplar. After the Farmington Group was granted SC–1 zoning, Winchester, Millar, et al, the homeowners, whose land was situated between Pete Mitchell Road on the east and Exeter Road on the west and north of the .954-acre lot, joined together and applied to the City of Germantown for an SC–1 or shopping center zoning. They asked Mr. Jere Crook, predecessor in title to Plaintiffs Campbell and Crook, to join in the application. Mr. Crook refused to join. The application of Winchester, Millar, et al, was approved as SC–1 zoning but no immediate steps have been taken to develop the property as SC–1.

The .954-acre Campbell property is not eligible for SC–1 zoning under the ordinances of the City of Germantown because it does not contain a minimum of two acres. The joint ownership of the other homeowners in the area of Winchester, Millar, etc. exceeds two acres and thus qualified as SC–1.

The landowners, Winchester, Millar, etc., opposed the granting of C–1 zoning to the Plaintiffs in the hearings before the Germantown Planning Commission and before the Board of Mayor and Aldermen because Plaintiffs might build a building on the .954-acre lot which would not be in keeping architecturally with the design of the shopping center which the homeowners will ultimately develop on their property. They insist that Plaintiffs should join them in their SC–1 zoning permit.

The City of Germantown has a Design Review Commission and every developer of property zoned for uses other than residential must ·obtain approval of the design of the development before a building permit will issue. The principal difference between an SC–1 zoning and C–1 zoning is that SC–1 zoning requires much longer setbacks of the buildings from the street line. The Plaintiffs suggested they might build a branch bank building or similar structure if granted C–1 zoning.

■ All of the property for several hundred feet east and west of the .954-acre tract along Poplar Avenue as well as property north of the .954-acre tract are now zoned commercial. The owners of property on the south side of Poplar across from the .954 acre agree that the entire area has become commercially oriented and agree that the Plaintiffs are entitled to have their lot zoned commercial. Only Millar, Winchester, etc. object to rezoning Plaintiffs' property C–1. They say it ought to be SC–1. The City Ordinances do not permit Plaintiffs' property to be zoned SC–1.

■ To leave the Plaintiffs' lot zoned residential is to deprive them of the beneficial use of their lot. *Bayside Warehouse Co. v. Memphis*, (W.S.1971), 63 Tenn.App. 268, 470 S.W.2d 375. To require the Plaintiffs to join with Millar, Winchester, et al, and receive a joint SC–1 zoning would be to coerce the Plaintiffs into a joint venture against their will. It would also be against public policy because a partnership is always created by a voluntary agreement of the parties and not by operation of law. *Pritchett v. Thomas Plater & Co.* (1920), 144 Tenn. 406, 232 S.W. 961; *Hackney Co. v. Robert E. Lee Hotel* (1927), 156 Tenn. 243, 300 S.W. 1; *Garner v. Maxwell* (1962), 50 Tenn.App. 157, 360 S.W.2d 64.

Plaintiffs are entitled to a commercial zoning for their lot. The assignments of error are sustained.

A decree will be entered requiring the Defendants Mayor and Board of Aldermen of Germantown to hold a new hearing on Plaintiffs' application for rezoning and to grant Plaintiffs such commercial zoning as seems reasonable and proper under circumstances then obtaining. Upon the rehearing Plaintiffs or Defendants may, but are not required to', introduce additional proof.

The costs of these proceedings are taxed to the Defendants-Appellees.

MATHERNE and NEARN, JJ., concur.