SHELBY COUNTY, Plaintiff-Appellant,

v.

MID–SOUTH TITLE CO., INC., Trustee for S. G. Allen and J. Boyd Mason, both adult resident citizens of Shelby County, Tennessee; Wayne L. Smith, Norris Gross and W. C. Jenne, III, Trustees; the Midland Investment Club, a Joint Venture; and Riley C. Garner, County Trustee, Defendants-Appellee.

Court of Appeals of Tennessee, Western Section.

Dec. 12, 1980.

Application for Permission to Appeal Denied by Supreme Court May 4, 1981.

George T. Lewis, Britton Lamb, Memphis, for plaintiff-appellant.

R. Grattan Brown, Jr., Memphis, for defendants-appellee.

NEARN, Judge.

This is a condemnation case. The jury assessed the property owners' damages for the property taken, and the condemning authority, Shelby County, has appealed from the jury award.

Shelby County presents the following as its "Statement of the Issues Presented For Review":

1. The Defendants were permitted to introduce evidence, over objection, of sales of property zoned commercial, while the subject property is zoned R–1 residential without the admissibility of such evidence of comparable sales being passed upon by the Trial Judge as a preliminary matter.

2. The Defendants were permitted to introduce this evidence without the Trial Judge considering the reasonable probability that restrictions may be lifted within a reasonable time, but allowed the jury to pass upon the issue.

3. The Defendants were permitted to introduce this evidence, over objection, without a foundation being laid as to the reasonable probability that the restrictions on the subject property may be lifted within a reasonable time.

4. The Court erred in declining to sustain the County's Motion, seasonably made, reading as follows:

"Petitioner respectfully moves the Court to restrict the evidence of comparable values to sales of residential zoning and to reject evidence of sales of properties zoned commercially because:

(1) There is no probability that the subject property will ever be zoned commercially, and because

(2) Whatever possibility it may some day be so rezoned is tainted by the fact that such zoning is only possible because of the construction of Covington Pike, which necessitated the taking involved in this lawsuit."

5. The Honorable Trial Judge allowed the jury to evaluate the defendants' property as though rezoning to commercial was an accomplished fact.

6. The verdict of the jury is excessive and contrary to the weight and preponderance of the evidence.

The first issue complains of the timeliness of the Court's ruling on an evidentiary matter.

The second and third issues together constitute alleged reasons why the evidence objected to in the first issue should not have been admitted, and the fourth issue is the written motion which the Court denied and is the subject of the first issue.

The fifth issue is a conclusion of counsel for appellant or might be considered as a complaint regarding the charge. In either event it is not found in the motion for new trial and will not be considered. Tennessee Rules of Appellate Procedure 3(e). *Union Planters Corp. v. Harwell* (1978 Tenn.Ct. App.W.S.) 578 S.W.2d 87.

Whether a civil jury verdict is "contrary to the weight and preponderance of the evidence" is of no concern to this Court. See *Hohenberg Brothers Co. v. Missouri Pac. R. Co.* (1979 Tenn.Ct.App.W.S.) 586 S.W.2d 117. However, the excessiveness of a verdict is a legitimate matter for our consideration and that part of the sixth issue we will consider.

The land taken consisted of 1.842 acres. The County's three expert witnesses valued the land taken at from $6,000.00 per acre (the lowest) to $11,500.00 per acre (the highest). The expert witnesses for the County gave the subject property no commercial potential at the time of taking and their appraisals were based on residential comparable sales. The land owners' expert witness considered the property to have an imminent potential commercial value. Their two experts valued the land at $32,-670.00 per acre, and one owner, Edwin Crossno, valued the land at $35,000.00 per acre. The jury returned a verdict of $47,-250.00 total for 1.842 acres or approximately $25,000.00 per acre.

In spite of the contention made by counsel for appellant in his brief, we do not find in the record that the Trial Judge failed to pass upon the admissability of comparable proof as a preliminary matter. The motion was made to exclude comparable sales of commercially zoned property prior to the first witness being called or a jury impaneled. In response thereto the Trial Judge stated:

"Well, Mr. Lamb, let me say this. You will have to object to the comparables as the witnesses begin to take them up. We will ask the witness not to mention any price or any amount, but to give the location and the name of the parties involved without referring to any zoning or anything else, and you can make your objections to each comparable as we go along. That is the only way I know how to handle that."

When the expert witnesses were called, the Trial Judge followed the procedure that he stated he would. Therefore, preliminarily to the jury hearing the proof regarding a proposed comparable, the Trial Judge ruled on its admissability. That we believe is all that is required by the statement of the Supreme Court found in *Layne v. Speight* (1975 Tenn.) 529 S.W.2d 209, as follows:

"All of the numerous factors that weigh upon the issue of admissibility of comparable sales are considered and passed upon by the trial judge, *as a preliminary matter.*" (Emphasis supplied)

We do not believe that the above statement of the Supreme Court requires the Trial Judge to rule preliminary to the trial, as insisted by counsel for appellant. A ruling preliminary to the jury hearing the objected to testimony is preliminary enough. There is nothing to the first issue presented regarding the timeliness of the ruling.

Accordingly, there are only two real issues before us and they are whether the evidence regarding certain comparable sales should have been admitted, and whether the verdict is excessive.

The land taken was zoned R–1 (a single family residential classification) and all comparable sales offered by the landowners' witnesses were zoned commercial (either C–1, O–1, or SC–1). All of the comparable sales offered by the condemnor's experts involved sales of R–1 property.

■ In attempting to determine the value of land taken for public purposes the landowner is entitled to show the true value of the land, that is, the price that would be paid by a willing buyer to a willing seller at the time the land was taken considering all capabilities of the property. *Nashville Housing Auth. v. Cohen*, (1976 Tenn.) 541 S.W.2d 947; *Davidson Co. v. Bd. of Education v. First American Nat. Bank* (1957) 202 Tenn. 9, 301 S.W.2d 905; *Alloway v. Nashville* (1889) 88 Tenn. 510, 13 S.W. 123. Of course, present zoning is a factor to be considered in arriving at the capabilities of property just as location of land, or use made thereof, or topography would be factors for consideration. However, present zoning is not the only factor. It is simply one of many factors. Property zonings are changeable. The purpose of zoning boards is to establish zonings and change them when necessary. Zonings are generally changed *after the fact*, that is, the character of a neighborhood has begun to change due to changing circumstances such as the shifting of population densities or change in traffic patterns. Indeed, such changes are grounds to authorize a zoning change to conform to that of the true changed character of a neighborhood. See *Campbell v. Nance* (1976 Tenn.Ct.App.W.S.) 555 S.W.2d 407; *Reddoch v. Smith* (1964) 214 Tenn. 213, 379 S.W.2d 641.

In this case, all of the landowners' witnesses testified to the effect that the subject land had immediate and imminent potential for commercial zoning and that any prospective buyer would consider its commercial potential in making an offer. In fact, the testimony indicated that because it faced upon a highly travelled thoroughfare and was very near commercial and/or medical developments, it would hardly be considered for residential purposes by any purchaser. Therefore, the experts used sales of property zoned commercial as comparable sales in arriving at their estimated value of the land taken. One of the comparable sales was adjacent property zoned commercial.

On the other hand, witnesses for the state were of the opinion that while the subject land may have some far-off commercial potential, it had no immediate commercial potential and accordingly, used sales of land zoned R–1 for comparable sales in arriving at their estimated value of the land taken.

All expert witnesses testified from charts and plats showing various zonings for nearby properties in an effort to establish their various theories of valuation.

■ The Trial Judge determined that the witnesses testifying to the value of the property for either side, qualified as expert witnesses. A Trial Judge has a wide discretion in making such determination, *State v. Rascoe* (1944) 181 Tenn. 43, 178 S.W.2d 392. We certainly see no abuse of that discretion. Likewise, the Trial Judge is afforded a wide discretion in permitting the introduction of comparable sales by expert witnesses in the witnesses' attempt to bolster his opinion of value. *Memphis Housing Auth. v. Ryan*, (1964 W.S.) 54 Tenn.App. 557, 393 S.W.2d 3; *Layne v. Speight* (1975 Tenn.) 529 S.W.2d 209. Neither do we see any abuse of that discretion in this case.

After examining the record, we conclude that the probable imminent commercial use or rezoning of the subject property was a question of fact, the determination of which was a matter for the jury based upon expert testimony and a proper charge by the Court.

Therefore, we find no error in the admission of the expert testimony as allowed by the Trial Judge.

As to the charge of the Court, we note that no special request was tendered to the Trial Judge by counsel for the condemning authority. Further, no complaint is made in the motion for a new trial regarding the Court's charge unless the second issue presented for review by appellant, which was copied from the motion for a new trial be considered an attack on the Court's charge. If it is, it is too general for our consideration.

■ We do not find the verdict to be excessive or one that evinces passion prejudice or caprice. It simply appears to us to

be one higher than the condemning authority thinks it ought to be, which of itself constitutes no grounds for reversal. There is no evidence in the record from which we can say that the jury acted out of prejudice or caprice. In addition, the verdict as rendered by the jury, has been approved by the Trial Judge which approval will not be lightly upset by this Court. See *Tallent v. Fox* (1940 M.S.) 24 Tenn.App. 96, 141 S.W.2d 485.

For the reasons given, all issues considered are found in favor of appellee and the judgment below is affirmed with costs of appeal adjudged against appellant.

Done at Jackson in the two hundred and fifth year of our Independence and in the one hundred and eighty-fifth year of our Statehood.

MATHERNE, J., concurs.