Larry CARTER and wife, Patsy L. Carter, A.L. Duckworth, Jr., William Beach, Lyman King, Dean Landers, Lillian Peters, James D. Key and wife, Esta Key, Gyle Carter and wife, Betsy Carter, Doug Freshour and wife, Wanda Freshour, Robert H. Cremins, Everette Dixon and wife, Cindy Dixon, Carl Dixon and wife, Lucille Dixon, Ethel S. Edwards, Claude Dixon and wife, Zelma Dixon, and Frank Dunaway and wife, Kate Dunaway, Plaintiffs–Appellees,

v.

Bobby Joe ADAMS and wife, Viola H. Adams, Collins Enterprises, Inc., and Green County, Tennessee, Defendants–Appellants.

Court of Appeals of Tennessee, Eastern Section.

March 15, 1996.

Permission to Appeal Denied by Supreme Court, Sept. 3, 1996.

J. Ronnie Greer, Greeneville, for plaintiffs-appellees.

K. Kidwell King, Jr., King & King, Greeneville, for defendants-appellants Bobby Joe Adams and wife, Viola H. Adams, and Collins Enterprises, Inc.

Roger A. Woolsey, Greeneville, for appellant, Greene County, Tennessee.

### *OPINION*

FRANKS, Judge.

In this action the Chancellor declared invalid Greene County's rezoning of certain

---

properties, and the County and the owners of the property have appealed.

In order to operate a demolition landfill, Appellants Adams and Collins[1] sought to change the zoning on their land from A–1 (residences, agriculture, certain small businesses, and light industry) to M–2 (heavy industry). The Greene County Planning Commission denied the request, but upon appeal to the Greene County Commission, the rezoning was approved by a vote of 16 to 7.

The Chancellor overturned the County Commission's reclassification of the land as industrial. He reasoned:

> this is not ... a case about the need for a demolition landfill in Greene County, nor is it of any relevance that this landfill is relatively innocuous in terms of dust, noise, or pollution ... the issue is not what use is being made of this property after rezoning, but what uses *could* be made of it within the M–2 classification ... if the defendants, *or their successors in title*, should determine in the future to operate a chemical plant alongside or in place of the demolition landfill, they could do so quite lawfully....

On the grounds that it was "without logic from a comprehensive planning standpoint", the zoning change was deemed "unreasonable and arbitrary" and was declared void by the Chancellor.

■ Zoning bodies are legislative in nature and the scope of judicial review for their actions is restricted. *Fallin v. Knox County Board of Commissioners*, 656 S.W.2d 338 (Tenn.1983). Courts may:

> not interfere with the exercise of the zoning power and hold a zoning enactment invalid, unless the enactment, in whole or in relation to any particular property, is shown to be clearly arbitrary, capricious, or unreasonable, having no substantial relation to the public health, safety, or welfare, or is plainly contrary to the zoning laws.

*Id., citing* 82 Am.Jur.2d Zoning and Planning § 338 (1976) at 913–4.

Appellants argue that instead of using an "unreasonable and arbitrary standard," the Chancellor should have used a more restrictive "fairly debatable" standard. Over time, the standards of "fairly debatable," "rational basis," and "arbitrary and capricious" have been used interchangeably and have come to hold the same meaning. *McCallen v. City of Memphis*, 786 S.W.2d 633, 641 (Tenn.1990). Whichever term is applied, the level of scrutiny required of the court is to "refrain from substituting its judgment for that of a local governmental body ... if any possible reason exists justifying the action, it will be upheld." *Id.* at 641.

■ The question of whether there is sufficient evidence to support the zoning commission's action is a question of law. *Hemontolor v. Wilson County Board of Zoning Appeals*, 883 S.W.2d 613 (Tenn.App.1994). Accordingly, appellate review is *de novo* with no presumption of correctness. T.R.A.P. 13.

The Appellee neighbors fear that the rezoning will have a detrimental impact on the quiet and peaceful nature of the largely agricultural community and that the additional traffic will make the roads unsafe. They also argue that the landfill will not serve the county's need for a landfill because, by the terms of the partnership between Adams and Collins, the use of the landfill is given to Collins' company Greeneville Iron and Paper.

According to the testimony of the County Executive, who presided over the zoning change, the purpose behind the change was that the landfill in use at the time was nearing capacity and that another site was needed. He stated that "people were behind it simply because our landfill was closing." When asked "Was this issue presented, fully presented, or was it hotly contested by both sides with speakers on both sides for and against?" he responded "people did speak for and against."

The testimony of a Community Planner with the Tennessee Department of Economic

---

1. Adams and Collins formed a partnership to join their lands together, thereby complying with the zoning ordinance requirement that the landfill be situated on 100 acres. Their partnership gives

Greeneville Iron and Paper, an unincorporated division of Collins Enterprises, Inc., the exclusive right to use the landfill and set tipping fees.

and Community Development was that the location of the landfill was "acceptable", and he added "I certainly know a lot of other areas in the county that would be less acceptable." Studies by an engineering firm analyzed the site and set procedures for handling the waste, leachate, dust, fires, and possible seepage into underground water systems. An Environmental Specialist from the State Division of Solid Waste Management stated that the geological structure of the land was suitable for a landfill (shale and . clay are not easily permeated by seepage that might enter the groundwater) and that the landfill met the requirements of its State permit. Collins testified that although his company does have the exclusive right to use the landfill, they planned on permitting access to others who applied to the company.

▇ Given the arguments and evidence before the County Commission, the issue of whether rezoning was a good idea for the community was "fairly debatable." Accordingly, since a rational basis could have existed for the approval of the change in zoning, the action is valid. *Fallin.*

The Chancellor reasoned that the rezoning was void because other objectional uses might occur on the M–2 land. However, it was for the County to consider and weigh the concerns, some of which were subsequently voiced by the Chancellor, and decide whether they wanted to make this zoning classification. The Commissioners, who know the area and parties best, determined that the need for a new landfill in the area outweighed other factors at issue. Considered in this light, the Chancellor substituted his judgment for that of the Commission and we reverse the judgment.

The cause is remanded to the Trial Court for the entry of an order dismissing this action, with costs of the appeal assessed to appellees.

McMURRAY, J., and CLIFFORD E. SANDERS, Senior Judge, concur.