IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

## CITY OF SOUTH PITTSBURG, TENNESSEE v. JOHN N. SHELLEY, II ET AL.

### Appeal from the Circuit Court for Marion County
No. 14647     J. Curtis Smith, Judge

---

### No. M2005-02462-COA-R9-CV - Filed December 5, 2005

---

This application for an interlocutory appeal arises out of a condemnation action filed by the City of South Pittsburg. The sole issue on appeal concerns the landowners' use of an unrecorded and unapproved plat of a proposed subdivision to establish the fair market value of the property. The City filed a motion in limine to disallow the use of the plat. The trial court, relying on *Davidson County Bd. of Ed. v. First Am. Nat. Bank*, 202 Tenn. 9, 301 S.W.2d 905 (1957), determined that the landowners could not introduce the plat into evidence nor could their expert use the plat in his testimony to establish fair market value. The trial court subsequently granted the landowners an interlocutory appeal pursuant to Tenn. R. App. P. 9. We concur with the trial court that this is an appropriate case for an interlocutory appeal. We also conclude that the plat may be introduced and used in ways consistent with *Davidson County Bd. of Ed.*, and we thus vacate the trial court's order categorically prohibiting its introduction and use.[1]

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Vacated**

WILLIAM C. KOCH, JR., P.J., M.S., WILLIAM B. CAIN, and PATRICIA J. COTTRELL, JJ., delivered the opinion of the court.

J. Harvey Cameron, Jasper, Tennessee, for the appellants, John N. Shelley, II, Mary Shelley, James E. Cooper, and Alice L. Cooper.

Tracy C. Wooden, Chattanooga, Tennessee, for the appellee, City of South Pittsburg, Tennessee.

---

[1] The Tenn. R. App. P. 9 application and answer fully set forth the parties' positions and the material facts. Therefore, pursuant to Tenn. R. App. P. 2, we suspend the application of Tenn. R. App. P. 24, 25 and 29, and find oral argument to be unnecessary pursuant to Tenn. R. App. P. 35(c). *See Hammock v. Sumner Co.*, No. 01A01-9710-CV-00600, 1997 WL 749461 (Tenn. Ct. App. Dec. 5, 1997) (No Tenn. R. App. P. 11 application filed).

**I.**

In October of 1981, John N. Shelley, II, Mary Shelley, James E. Cooper and Alice L. Cooper purchased 70.6 acres of land in Marion County, Tennessee. In 1997, the landowners hired Thomas Dobson, a registered surveyor, to prepare a plat for the purpose of developing a subdivision on a portion of the property. Although the landowners intended to develop property eventually, they never submitted the plat to the Marion County Planning Commission.

On December 17, 2001, the City of South Pittsburg filed a complaint to condemn a one-third acre portion of the property, together with an access easement, for the purpose of building a natural gas pumping station. The trial court entered an order of condemnation on January 8, 2002, but reserved the issue of compensation for trial at a later date. On May 19, 2005, the City filed a motion in Limine to disallow the 1997 plat and related expert testimony. On August 31, 2005, the trial court held that the landowners could not introduce the plat into evidence nor could their expert use the plat in his testimony to establish fair market value. However, the trial court granted the landowners permission to pursue this interlocutory appeal pursuant to Tenn. R. App. P. 9.

**II.**

The court's objective in an eminent domain proceeding is to award the landowner just compensation for the taking. *Love v. Smith*, 566 S.W.2d 876, 878 (Tenn. 1978). The standard for measuring just compensation is the fair market value of the land taken, or, for land remaining following a taking, the decline in fair market value. *City of Memphis v. Hood,* 208 Tenn. 319, 327, 345 S.W.2d 887, 891 (1961). The fair market value of land is the price which would be paid by a willing buyer to a willing seller at the time the land was taken considering all of its potential uses. *State ex rel. Com'r of Dept. of Transp. v. Williams,* 828 S.W.2d 397, 399 (Tenn. Ct. App. 1991).

In determining fair market value, the jury should be given the opportunity to consider all the uses to which the property might reasonably be put at the date of taking. *Alloway v. City of Nashville*, 88 Tenn. 510, 13 S.W. 123, 125 (1890). The Tennessee Supreme Court has thus held that a witness in a condemnation proceeding will not be allowed to state the value of the property only for a specific purpose. *Davidson County Bd. of Ed. v. First Am. Nat. Bank*, 202 Tenn. 9, 15, 301 S.W.2d 905, 907 (1957). The concern underlying this rule is to prevent overemphasis of any single

---

[2]Tenn. Ct. App. R. 10 provides:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

use of the property, and especially that overemphasis which results from depicting excessive details of a possible use. *State v. Parkes*, 557 S.W.2d 504, 508 (Tenn. Ct. App. 1977). However, witnesses may take into account different potential uses, *Shelby County v. Mid- South Title Co., Inc.*, 615 S.W.2d 677, 680 (Tenn. Ct. App. 1980), *State ex rel. Com'r of Dept. of Transp. v. Williams*, 828 S.W.2d 397, 399 (Tenn. Ct. App. 1991), and may consider the highest and best use in fixing the value so long as the highest and best use is not the sole measure. *Layne v. Speight*, 529 S.W.2d 209, 214 (Tenn. 1975); *State v. Parkes*, 557 S.W.2d at 508. Likewise, witnesses should be allowed to explain how they arrived at their opinion. "Since the major concern of the *Davidson County* rule is to prevent overemphasis of a particular use and its value, its effect must be to require excluding evidence of a particular use when it reaches the point of being an unreasonable emphasis on that use and not merely an explanation of the witness's valuation processes." *State v. Parkes*, 557 S.W.2d at 508.

As the trial court recognized, the landowners may present proof of the fair market value of the property in view of all available uses. While the landowners may not introduce evidence as to the profit a speculator might realize out of the future development and resale of the property, they may present proof of the property's potential for development to the extent it affects what a purchaser would pay for the land at the time. *Davidson County Bd. of Ed. v. First Am. Nat. Bank*, 202 Tenn. at 18, 301 S.W.2d at 909. The only question is whether and to what extent the landowners may use the 1997 plat. We conclude that the blanket prohibition against the use of the plat goes too far. We can envision a number of uses for the plat which would neither value the property based solely on its use as a subdivision nor overemphasize its potential use as a subdivision. For example, the landowners could use the plat to demonstrate that a buyer would have been willing to pay more for this piece of undeveloped property because it was particularly well suited for development as a subdivision. Likewise, they could use the plat to demonstrate that the market value of the remaining property has decreased because its potential for use as a subdivision has been negatively impacted by the taking. The trial court has wide discretion to ensure that the use of the plat does not over emphasize the property's use as a subdivision, and to craft appropriate instructions to the jury.

### III.

The application for an interlocutory appeal is hereby granted. The trial court's August 31, 2005 order is hereby vacated and the case is remanded to the trial court for further proceedings consistent with this opinion. The costs of this appeal are taxed to the City of South Pittsburg for which execution, if necessary, may issue.

PER CURIAM