IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 5, 2006 Session

# DONNIE COVEY, ET AL. v. CITY OF EAST RIDGE

**Appeal from the Chancery Court for Hamilton County**
**No. 03-1097     W. Frank Brown, III, Chancellor**

---

**No. E2005-01510-COA-R3-CV   - FILED APRIL 28, 2006**

Plaintiffs applied to rezone their 1.74 acre tract of land located at 6815 Ringgold Road from R-1 Residential District to C-2 General Commercial District. The Chattanooga-Hamilton County Regional Planning Commission recommended that the Mayor and City Council of East Ridge deny the petition for rezoning. After a hearing, the City Council voted to deny the application. Plaintiffs filed a complaint in the Chancery Court for Hamilton County, asserting that the City Council erred by declining to grant the rezoning request. Following a hearing, the trial court upheld the decision of the City Council, finding that the City Council had not acted arbitrarily or capriciously in rejecting the rezoning application. After careful review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P. J. and D. MICHAEL SWINEY, J., joined.

Andrew L. Berke, Chattanooga, Tennessee, for Appellants, Donnie and Beth Covey.

Ronald D. Wells and Stacy L. Archer, Chattanooga, Tennessee, for Appellee, City of East Ridge.

## OPINION

### *I. Factual and Procedural Background*

This is an appeal from a decision on a rezoning issue by the East Ridge City Council ("City Council"). When the plaintiffs, Donnie and Beth Covey ("Coveys"), purchased the property at 6815 Ringgold Road in 2001 or 2002, it was zoned R-1 Residential District ("R-1"). On May 22, 2003, the plaintiffs submitted an application to the Chattanooga-Hamilton County Regional Planning Commission ("Planning Commission") for rezoning to C-2 General Commercial District ("C-2").

On the Zoning Request Form, plaintiffs indicated the reason for their request was that the "State is wide[ning] The [Ringgold] Road" and "Resale." According to the plaintiffs, with the exception of their property and the lots next to it adjoining the subdivision in which they live, nearly all of the land on Ringgold Road is zoned higher than residential. They note that the area across the street from them is classified as M-3 Manufacturing District, and the property three lots down from them with two billboards on it is classified as C-2. The Coveys further contend that no significant differences exist between their lot and the immediately adjoining property of their neighbor, Fletcher Smith, whose land was rezoned from R-1 to C-2 in March 2003. Plaintiffs note that prior to his rezoning request, Mr. Smith made no improvements to his property and did not advise the Planning Commission of any specific plans for his property.

Following the Coveys' application, Mark Dempsey ("Mr. Dempsey"), Chief Building Official of the Building Inspection and Codes Enforcement Office, recommended that the property be rezoned as C-2 back 150 feet from Ringgold Road and that the existing natural screening buffer remain. However, after the Planning Commission held a public hearing on the petition on July 14, 2003, a resolution was passed recommending to the Mayor and City Council that the application for classification as C-2 be denied. The reasons given for recommending that the rezoning request be denied included concerns regarding access to the property and exposure of adjacent property to the noise and visual impacts of Ringgold Road.

On August 28, 2003, the plaintiffs' rezoning request came before the City Council. At that hearing, Mr. Covey stated that while he had no plans for developing the lot commercially, he wanted the property rezoned to C-2 because the State of Tennessee would soon take approximately one acre of the property to widen Ringgold Road and rezoning would enable plaintiffs to receive "proper compensation" from the State. After considering the matter, including statements in support of and in opposition to the rezoning, the City Council voted unanimously to deny the request.

Plaintiffs then filed a complaint in the Chancery Court of Hamilton County, alleging that the City acted improperly in denying their rezoning application. Following a hearing, the trial court filed a memorandum opinion and order on May 27, 2005, denying the plaintiffs' request for relief. The Coveys filed a timely notice of appeal.

### II. Issue Presented

The determinative issue raised on appeal, in our view, is whether the trial court erred in determining that the City Council's decision was not arbitrary or capricious.

### III. Standard of Review

The trial court treated this matter as a declaratory judgment action. Review of a zoning issue by declaratory judgment or common law writ of certiorari provides quite limited judicial review. *Hunter v. Metropolitan Bd. of Zoning App.*, No. M2004-00752-COA-R3-CV, 2004 WL 315060 at * 2 (Tenn. Ct. App., M.S., Feb. 17, 2004), citing *Willis v. Tennessee Dep't of Corrections*, 113

S.W.3d 706, 712 (Tenn. 2003); *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994).

Though there are procedural differences between declaratory judgment and common law writ of certiorari, any distinction in the application of the substantive law to legislative and administrative actions has "dissipated with the passage of time." *McCallen v. City of Memphis*, 786 S.W.2d 633, 639 (Tenn. 1990). The Tennessee Supreme Court has found as follows:

> The "fairly debatable, rational basis," as applied to legislative acts, and the "illegal, arbitrary and capricious" standard relative to administrative acts are essentially the same. In either instance, the court's primary resolve is to refrain from substituting its judgment for that of the local government body. An action will be invalidated only if it constitutes an abuse of discretion. If "any possible reason" exists justifying the action, it will be upheld. ...

*Id.*

Zoning has long been accepted as a valid exercise of the police power. *See Spencer Sturla Co. v. City of Memphis*, 155 Tenn. 70, 290 S.W.608, 612-613 (1927). Upon encountering such an exercise of police power, our Supreme Court has indicated the following:

> Zoning is a legislative matter, and, as a general proposition, the exercise of the zoning power should not be subjected to judicial interference unless clearly necessary. In enacting or amending zoning legislation, the local authorities are vested with broad discretion and, in cases where the validity of a zoning ordinance is fairly debatable, the court cannot substitute its judgment for that of the legislative authority. If there is a rational or justifiable basis for the enactment and it does not violate any state statute or positive constitutional guaranty, the wisdom of the zoning regulation is a matter exclusively for legislative determination. In accordance with these principles, it has been stated that the courts should not interfere with the exercise of the zoning power and hold a zoning enactment invalid, unless the enactment, in whole or in relation to any particular property, is shown to be clearly arbitrary, capricious, or unreasonable, having no substantial relation to the public health, safety, or welfare, or is plainly contrary to the zoning laws.

*Fallin v. Knox County Bd. of Comm'rs*, 656 S.W.2d 338, 342-43 (Tenn. 1983). These determinations are issues of law. *Watts v. Civil Serv. Bd. for Columbia*, 606 S.W.2d 274, 277 (Tenn. 1980); *Carter v. Adams*, 928 S.W.2d 39, 40 (Tenn. Ct. App. 1996). Our review of the trial court's

conclusions on matters of law is *de novo* with no presumption of correctness. *Id.*; Tenn. R. App. P. 13(d).

The Coveys bear the burden of demonstrating that the City Council's refusal to rezone their property was arbitrary or capricious. *See Bd. of Comm'rs of Roane County v. Parker*, 88 S.W.3d 916, 922 (Tenn. Ct. App. 2002). In order to overturn the decision of the City Council and of the trial court, the plaintiffs need to show that there were "no possible reasons" for the City Council to have denied the rezoning request. If "any possible reason" exists justifying the action, it will be upheld. *McCallen*, 786 S.W.2d at 641.

## IV.  Rezoning Denial

Plaintiffs argue that the City acted arbitrarily and capriciously by denying rezoning of their property when virtually all other property on Ringgold Road is zoned commercial or higher, and by allowing Mr. Smith to rezone his property but denying their request. The Coveys assert that almost all of the differences between the two adjoining properties cited by the trial court were not discussed in the hearing before the City Council. Plaintiffs further argue that these differences are not substantial and material enough to support the completely opposing actions taken by the City. The Coveys contend that the City improperly relied on the fact that one member of City Council stated he did not feel "morally and legally" comfortable rezoning the property for monetary reasons.

In the memorandum opinion and order, the Chancellor set forth numerous reasons why the City Council could have determined that rezoning the plaintiffs' property was not appropriate and that the request should be denied. In particular, the Chancellor noted that it is reasonable to assume that the City Council took into account the remarks made by five individuals who spoke in opposition to the rezoning. Grady Thomas, a resident at 404 Pine Bluff Drive, opposed the rezoning because the plaintiffs did not have any plans for the use of the property. Joe Cate, a resident at 406 Pine Bluff Drive, stated that he was concerned about the buffer zone between his residential property and Ringgold Road. Susan Peruso, a resident at 424 Pine Bluff Drive, voiced concerns regarding noise and traffic. Angie Thomas, a resident at 404 Pine Bluff Drive, opposed the rezoning because of concerns involving noise and damage to the buffer zone between Pine Bluff Dive and Ringgold Road. W.C. Lane, a resident of 425 Pine Bluff Drive, also spoke in opposition to the rezoning. The general position of each individual appearing in opposition was that rezoning the plaintiffs' lot would decrease the value of other property located on Pine Bluff Road.

The individuals who objected to the rezoning of the plaintiffs' property are familiar with the property and the area. In *Cone Oil v. Williamson County Reg'l Planning Comm'n*, No. 01A01-9604-CH-00154, 1996 WL 465222 (Tenn. Ct. App., W.S., August 16, 1996), this court held that it knew "of no reason why the views of the concerned residents whose experiences are relevant ... cannot be considered concomitantly with those of experts." *Id.* at *3. In considering the views of these citizens, the City Council could have reasonably concluded that these concerns would negatively impact the public health, safety and welfare, and could have denied the plaintiffs' application on this basis alone.

In his well-reasoned opinion, the Chancellor further listed the following additional "differences" between Mr. Smith's property and that of the plaintiffs:

1. There was good access to Mr. Smith's property.

2. Mr. Smith's land was leveled so as to be even with Ringgold Road.

3. Mr. Smith's property was larger and would still be commercially valuable after Ringgold Road was widened.

4. The objections to Mr. Smith's rezoning request were less in number and made by fewer individuals.

5. Mr. Smith's reason for the rezoning request was not just to increase value of property so as to increase compensation received from State of Tennessee.

As any of these differences could have very well justified the City Council's denial of the plaintiffs' rezoning application, the decision must be upheld. *McCallen*, 786 S.W.2d at 641.

Because we have found sufficient criteria on which the City Council could have based its denial, we do not find it necessary to review any other issues raised. *See Gibraltar Taft Highway Limited Partnership v. Town of Walden*, No. E2003-02523-COA-R3-CV, 2004 WL 2715280 (Tenn. Ct. App., E.S., Nov. 30, 2004).

### V.  Conclusion

The record in this matter confirms, and the trial court was correct in determining, that the City Council's denial of the plaintiffs' rezoning request was based on sufficient and material evidence, and was not arbitrary or capricious. The City Council did not exceed its jurisdiction or abuse its discretion. Accordingly, we affirm the judgment and remand the case to the trial court for whatever further proceedings may be required. We tax the costs of this appeal to the Appellants, Donnie and Beth Covey.

_____
**SHARON G. LEE, JUDGE**