LUE ANN SMITH,                          )
        Petitioner/Appellant,           )
                                        )
v.                                      )       APPEAL NO.
                                        )       01-A-01-9609-CV-00419
WINCHESTER CITY COUNCIL,                )
consisting of JOHN B. CUNNINGHAM,       )       Franklin Circuit
TERRY HARRELL, SUZANNE                  )       No. 9745-CIV
McDOWELL, BOB CURL, BILL COWAN,)
and MAYOR DAVID BEAN, Individually,  )
        Respondents/Appellees,          )
                                        )
KARL SMITH,                             )
        Intervening Petitioner.         )

FILED

March 5, 1997

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CIRCUIT COURT FOR FRANKLIN COUNTY

AT WINCHESTER, TENNESSEE


THE HONORABLE J. CURTIS SMITH, JUDGE

FLOYD DON DAVIS
201 First Avenue N.W.
Winchester, Tennessee 37398
        ATTORNEY FOR PLAINTIFF/APPELLANT

GREGORY M. O'NEAL
P.O. Box 555
Winchester, Tennessee 37398
        ATTORNEY FOR DEFENDANT/APPELLEE
        CITY OF WINCHESTER

AFFIRMED IN PART,
REVERSED IN PART,
AND REMANDED


SAMUEL L. LEWIS, JUDGE

# OPINION

This is an appeal by petitioner/appellant, Lue Ann Smith, from an order of the Franklin County Circuit Court quashing her writ of certiorari. The writ suspended the decisions of respondent/appellee, the Winchester City Council ("the Council"), allowing intervening petitioner, Karl Smith, permission and denying Appellant permission to sell fire works within the City of Winchester. The facts out of which this matter arose are as follows.

The Council passed Winchester Municipal Ordinance 7-501 ("the Ordinance") in 1983. The Ordinance prohibited the sale, display, or shooting of fireworks inside the city limits. On 10 April 1996, the Council passed a resolution amending the Ordinance such that it only prohibited the sale of fireworks. The Council held a meeting on 14 May 1996. Two persons requested permission to sell fireworks on two adjacent lots owned by Discount Plumbing and Electric.

The Council granted the request of Karl Smith. Karl Smith lived in Franklin County. He had sold fireworks for nineteen years on property owned by United Cities Gas Company. The City of Winchester annexed this property in 1987. Each year thereafter, the Council granted Karl Smith permission to sell fireworks by authority of Tennessee Code Annotated section 13-7-208, the "preexisting nonconforming use" statute. The United Cities Gas Company property is adjacent to the Discount Plumbing and Electric property which was also annexed by the City of Winchester in 1987.[1]

The Council denied Appellant's request for permission as it had also done three years earlier. Appellant lived in Marion County. She had sold fireworks one year without permission on land within the City of Winchester.

Appellant filed a petition for writ of certiorari on 17 May 1996. The petition named the Council and the Mayor of Winchester as respondents. Appellant claimed the following: 1) the exceptions to the Ordinance were illegal; 2) the Council denied her request because she was female and was not a resident of Winchester, Franklin County, Tennessee; 3) the Council's actions created an illegal monopoly; and 4) the Council's actions were a tyrannical exercise of municipal power. The

---

[1] The City had also granted Duran Clark and Edgar Hill permission to sell fireworks. The parties stipulated as follows:

> 10. That Duran Clark has sold fireworks on Highway 41-A and Highway 64 South on the Wriker Pontiac property with permission from the city for the past two (2) years, 1994 and 1995, which location was recently annexed by the City of Winchester.
>
> 11. That Edgar Hill, the owner of property located on the northside of the Discount Plumbing and Electric property which was recently annexed, was granted permission to sell fireworks on his property in May 1996. This property was recently annexed by the City of Winchester. Edgar Hill has sold fireworks on this property prior to being annexed.

trial court issued the writ of certiorari on the same day. The writ ordered the Council to produce the transcript of the 14 May meeting and suspended the decision of the Council as to all applicants. Karl Smith filed a petition to intervene on 6 June 1996. In his petition, Karl Smith alleged he would suffer real and irreparable harm if the court did not lift the writ before the Fourth of July holiday.

The trial court entered its final order on 18 June 1996. The court made the following orders:

1. That the intervening petition of Karl Smith is allowed and he is to be considered a party to this lawsuit.
2. The Court finds this fireworks ordinance is a zoning ordinance as used by the City Commission.
3. That the writ of certiorari previously granted the plaintiff in this cause be and the same is hereby quashed.
4. That the Court specifically finds that the Winchester City Council's actions in denying a fireworks permit to Lue Ann Smith were neither arbitrary or capricious.
5. That the Court specifically finds that the location of the intervening petitioner, Karl Smith, at Discount Plumbing and Electric was not grandfathered under T.C.A. § 13-7-208.
6. That the Court specifically finds that the Winchester City Council's actions in allowing Karl Smith a variance to sell fireworks on the Discount Plumbing & Electric property, which is adjacent to his original place of business did not constitute any abuse of discretion.

Appellant filed her notice of appeal on 9 July 1996 and presented the following issues:

I. Whether the trial court erred in holding that Winchester City Ordinance 7-501 is strictly a "land use" zoning ordinance and does not constitute a "police power" municipal ordinance as enacted?
II. Whether the trial court erred in holding that Winchester City ordinance 7-501 "sell [sic] of fireworks prohibited" as applied to the appellant is not an arbitrary and capricious abuse of municipal power?
III. Whether the actions of the Winchester City Council were unconstitutional and violative of both state and federal laws.

We address the second and third issues first.

When reviewing a common law writ of certiorari, this court's scope of review is the same as that of the trial court. *Hemontolor v. Wilson County Bd. of Zoning Appeals*, 883 S.W.2d 613, 616 (Tenn. App. 1994). The reviewing court may not address the intrinsic correctness of the decision. Instead, it may only determine whether the decision-making body exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. App. 1994); *Yokley v. State*, 632 S.W.2d 123, 126 (Tenn. App. 1981). Thus, the petition in this case asked the trial court to issue the writ and to determine whether the Council's decision as to Appellant exceeded the Council's jurisdiction or whether the Council acted illegally, fraudulently, or arbitrarily

The trial court held "the Winchester City Council's actions in denying a fireworks permit to Lue Ann Smith were neither arbitrary or capricious." We agree. The Ordinance prohibits the sale of fireworks within the City of Winchester and does not contain any exceptions. The Council had

no other choice but to deny Appellant's request for permission to sell fireworks within the city. The Council did not exceed its jurisdiction or act arbitrarily when it prohibited a person from violating a municipal ordinance. Appellant also argues, however, that the Council acted illegally and arbitrarily because it denied her request for permission and granted the request of Karl Smith. It is the opinion of this court that this argument, while possibly valid, is without effect. To explain, were this court to hold that the decision was arbitrary and remand the issue to the Council for a second decision, the Council could only deny Appellant permission because the Ordinance is clear and without exception. In other words, if the Council granted Appellant permission, it's decision would be illegal and arbitrary because the Council may not allow persons to violate ordinances at the Council's discretion. Moreover, a remand to the Council for a second decision would amount to an order from this court requiring the Council to allow Appellant permission to sell fireworks. This court is without jurisdiction to make such an order. Finally, Appellant seems to want this court to declare that the Ordinance prohibits the Council from allowing any person to sell fireworks within the City of Winchester. Unfortunately, such a declaration is outside the jurisdiction of the trial court and this court when addressing a writ of certiorari. Appellant's second and third issues are without merit.

Before determining Appellant's first issue, we address a jurisdictional issue not raised by either party. *See* Tenn. R. App. P. 13(b) (West 1996). The issue is whether the trial court had jurisdiction to determine whether the Council's decision as to Karl Smith was an abuse of discretion. It is the opinion of this court the trial court lacked jurisdiction. To explain, the constraints of the writ of certiorari limited the trial court's jurisdiction in this case to the single issue of whether the Council's decision as to Appellant exceeded the Council's jurisdiction or whether the Council acted illegally, fraudulently, or arbitrarily. While it is true Karl Smith filed an intervening petition, he did not request the court review the Council's decision as to him. Instead, his petition was more a cry of urgency given the impending Fourth of July holiday. Thus, it is the opinion of this court the trial court erred when it determined the Council's decision as to Karl Smith was not an abuse of discretion.

In her first issue, Appellant contends the Ordinance is not a zoning ordinance. We agree. There are three primary functions of zoning:

1.  To regulate the use of land, and the use of buildings and other structures.
2.  To regulate the size of buildings and other structures.
3.  To regulate the location of buildings and other structures, in relation to lot lines and to other buildings.

1 NORMAN WILLIAMS, JR, AMER. PLANNING LAW § 16.03 (rev. 1988). Zoning is defined as:

The division of a city or town by legislative regulation into districts and the prescription and application in each district of regulations having to do with structural and architectural designs of buildings and of regulations prescribing use to which buildings within designated districts may be put. Division of land into zones, and within those zones, regulation of both the nature of land usage and the physical dimensions of uses including height setbacks and minimum area.

BLACK'S LAW DICTIONARY 1618 (6th ed. 1990). The Ordinance at issue neither fulfills the functions listed above nor fits within the definition. The operation of the Ordinance was in no way connected to the land. This is evidenced by the fact that the Council granted Karl Smith permission to sell fireworks on land other that on which he had previously sold fireworks.

Therefore, it results that the decision of the trial court is affirmed in part and reversed in part, and the cause is remanded to the trial court. On remand, the trial court shall enter an order in conformity with this opinion. Cost on appeal are taxed to respondents/appellees.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:


_____
HENRY F. TODD, P.J., M.S.


_____
WILLIAM C. KOCH, JR., JUDGE