IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 13, 2003 Session

# SAM C. WEAVER v. KNOX COUNTY BOARD OF ZONING APPEALS, ET AL.

### Appeal from the Chancery Court for Knox County
No. 154667-1     John F. Weaver, Chancellor

### FILED JUNE 30, 2003

### No. E2002-02000-COA-R3-CV

Sam C. Weaver filed a petition for writ of certiorari, seeking an order of the trial court setting aside the decision of the Knox County Board of Zoning Appeals ("the BZA") granting Crown Communications, Inc., and BellSouth Personal Communications, Inc., dba Cingular Wireless, (collectively "the cellular companies") permission to construct a 195-foot cellular tower on property owned by one of Weaver's neighbors.  The trial court dismissed the petition.  We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

Matthew J. Evans and Andrew R. Tillman, Knoxville, Tennessee, for the appellant, Sam C. Weaver.

Mary D. Miller and Melody D. Musick, Knoxville, Tennessee, for the appellees, Crown Communications, Inc. and BellSouth Personal Communications, Inc., dba Cingular Wireless.

Michael W. Moyers, Senior Deputy Law Director, for the appellee, Knox County Board of Zoning Appeals.

### OPINION

#### I.

In September, 2001, the cellular companies filed an application with the Metropolitan Planning Commission of Knoxville and Knox County ("the MPC") requesting a permit to construct a 275-foot cellular tower on property located in the Hardin Valley area of Knox County.  Weaver and other residents of Hardin Valley opposed the application, arguing that the presence of the tower

would reduce the value of their properties and that the erection of the tower is not necessary to accommodate the coverage area of the cellular companies.

## II.

The subject application was before the MPC on several occasions. That body failed to address the merits of the application. The cellular companies twice appealed to the BZA, requesting rulings pertaining to their application. The BZA ultimately heard testimony and received documentary evidence, following which it granted a permit to build a 195-foot tower. The BZA did not make express findings of fact in support of its decision. However, there is before us a verbatim record of the BZA proceedings, as well as documents submitted at that hearing.

## III.

Weaver contends that the BZA's approval of the cellular companies' application is illegal, arbitrary and capricious and is unsupported by material evidence. More specifically, Weaver alleges (1) that the BZA decision is illegal because it was based upon evidence allegedly manipulated by the cellular companies; (2) that the decision is arbitrary and capricious because the BZA made no findings of fact to support its decision; and (3) that there is no material evidence to support the approval of a 195-foot tower. In addition, Weaver contends that the trial court erred when it refused to consider evidence proffered by him that he claims is relevant to the issue of whether a new cellular tower is needed in the Hardin Valley area.

## IV.

An action by a board of zoning appeals is an administrative rather than a legislative act. *McCallen v. City of Memphis*, 786 S.W.2d 633, 639 (Tenn. 1990). This is because such an action "executes [a law] already in existence." *Id.* The term "administrative is used interchangeably with judicial or quasi-judicial." *Id.* at 638. A review of an administrative action is by way of a common law writ of certiorari. *See* Tenn. Code Ann. § 27-8-101 (2000); *see also McCallen*, 786 S.W.2d at 639. "Whether the action by the local governmental body is legislative or administrative in nature, the court should refrain from substituting its judgment for the broad discretionary authority of the local governmental body." *McCallen* at 641-42. However, a court should invalidate a decision that is clearly illegal, arbitrary, or capricious. The question of whether there is sufficient evidence to sustain a zoning action is a question of law. *MC Props., Inc. v. City of Chattanooga*, 994 S.W.2d 132, 134 (Tenn. Ct. App. 1999). Hence, appellate review is *de novo* without a presumption of correctness accorded the court below. *Id.* If there is no evidence to support the local board's action, it is arbitrary. *Sexton v. Anderson County Bd. of Zoning Appeals*, 587 S.W.2d 663, 667 (Tenn. Ct. App. 1979). The *McCallen* opinion provides the following additional guidance regarding our standard of review:

> [T]he court's primary resolve is to refrain from substituting its judgment for that of the local governmental body. An action will be

invalidated only if it constitutes an abuse of discretion. If *"any possible reason"* exists justifying the action, it will be upheld. . . . [A]dministrative decisions are presumed to be valid and a heavy burden of proof rests upon the shoulders of the party who challenges the action.

*Id.*, 786 S.W.2d at 641 (emphasis added).

Weaver also raises an issue pertaining to an evidentiary ruling made by the trial court. He contends that the trial court erred when it refused to allow the introduction of certain new evidence pertaining to the cellular tower. This ruling by the trial court is reviewed by us under the abuse of discretion standard. *See, e.g., Martin v. Martin*, 755 S.W.2d 793, 797 (Tenn. Ct. App. 1988).

V.

A.

Weaver argues that the proof presented by the cellular companies to the BZA was based on incomplete information. Therefore, so the argument goes, the decision reached by the BZA was illegal and should have been corrected by the trial court. The essence of this argument is that maps received into evidence and commented on by the witnesses did not properly show the levels of coverage from existing towers in the area. Even assuming this assertion is true, this does not mean that Weaver is entitled to a reversal of the BZA's decision. Weaver had an opportunity to challenge this evidence before the BZA. If he failed to do so, he is now precluded from doing so in this judicial proceeding. The time for this type of challenge was at the hearing before the BZA.

Weaver also argues that documentary evidence submitted to the BZA, in the form of a black notebook, was not made available to him before the hearing. He contends that this denied him due process. The record before us does not indicate that this evidence was concealed from Weaver. Furthermore, the record does not reflect that Weaver made a formal request for production of this evidence before the hearing. In fact, many of the documents contained in the notebook are in the public domain and were available to Weaver and other members of the public. We hold that the hearing comported with due process and that the BZA's consideration of this evidence did not constitute reversible error. We conclude that the ruling reached by the BZA is not rendered illegal by the evidentiary and due process issues raised by Weaver. We resolve this issue in favor of the cellular companies.

B.

Weaver points out that the BZA did not make findings of fact to support its decision. He then argues that because of this omission, reviewing courts are not in a position to determine whether there is material evidence to support the decision made by the BZA. Weaver relies upon the case of *Hoover, Inc. v. Metro. Bd. of Zoning Appeals*, 924 S.W.2d 900 (Tenn. Ct. App. M.S., 1996)

(***Hoover II***), as support for his position.  In ***Hoover II***, the Middle Section of this Court made the following comments in the course of its opinion:

> It is the position of this court that a reviewing court can not determine whether the decision of an administrative body is supported by material evidence unless the administrative body makes findings of facts setting forth the reasons for its decision.  We do not express an opinion as to whether the Western Section was correct in concluding that it was not necessary for the Board to set out findings of facts absent four concurring votes.  Instead, it is our opinion that a reviewing court can not determine if there was material evidence to support a decision if the reviewing court is unaware of the basis for the decision.

***Id.*** at 905.  The earlier opinion of the Western Section of this Court alluded to in ***Hoover II*** is found at ***Hoover, Inc. v. Metro. Bd. of Zoning Appeals***, No. 01A01-9307-CH-00312, 1994 WL 260693 (Tenn. Ct. App. W.S. at Nashville, filed June 15, 1994) (***Hoover I***).  The decision in ***Hoover II*** was not based on a material evidence review; hence it is clear to us that the above quote is *dicta.* Furthermore, and more importantly, it is clear that the reference in ***Hoover I*** and ***II*** regarding findings of fact is rooted in a Davidson County ordinance explicitly requiring such findings.[1]  We are not aware of any general precedent placing an affirmative duty on a zoning board to pronounce specific findings of facts.  In our judgment, such findings, while helpful, are not essential to judicial review under the material evidence standard.  Accordingly, we conclude that the absence of express findings of fact does not render the BZA's decision illegal, arbitrary or capricious.

C.

Weaver alleges that the BZA's decision was not supported by material evidence. Specifically, he contends that the evidence presented by the cellular companies before the BZA was in support of a 260-foot tower and not the 195-foot tower ultimately approved by the BZA. Therefore, so Weaver's argues, no material evidence of the necessity of a 195-foot tower was presented to the BZA and the decision must be set aside.  Once again, we find this to be an issue on which we must accord the BZA great deference.  The record reflects that the Commissioners discussed different tower heights for this application and decided on a 195-foot tower.  The fact that this height was not originally requested by the cellular companies is not controlling.  During the hearing, the BZA received a "Knoxville/Knox County Metropolitan Planning Commission Use on Review Report."  In this report, the MPC's staff clearly recommended the approval of a tower at a

---

[1]As quoted in ***Hoover I***, Section 17.16.060H of the Metropolitan Code of Davidson County provides as follows:
> [a]ny decision made by the board on a conditional use permit shall indicate the specific section of this title under which the permit is being considered and shall state its findings beyond such generalities as 'in the interest of public health, safety and general welfare, . . .'

***Id.*** at *2 (bracketing in original).

height of 195 feet. Furthermore, the cellular companies also offered the opinion of radio engineer David Webb, stating the following in a document entitled "Description and Certification of Compliance of Crown Communication, Inc. as to Proposed Tower":

> No suitable facilities exist in the proposed coverage area for Cingular, the carrier intending to locate upon the proposed tower, to locate its proposed antenna and related equipment upon in order to obtain suitable coverage.

While Weaver strenuously disputes this claim, the BZA clearly sided with the cellular companies on the issue regarding the necessity of the tower. We are not empowered to reevaluate its determination. *See McCallen*, 786 S.W.2d at 641.

In addition, on the issue of property values, the BZA received a sworn affidavit from Ben Broome, a land appraiser, who disputes Weaver's claim of diminished property value. Weaver himself never produced any evidence to support this claim beyond his own testimony. As previously discussed, we must affirm the board's factual determination if there is any material evidence in the record to support it. *See id.*

Clearly these documents provide a sufficient basis for the BZA's decision with respect to each of the matters raised by Weaver. We resolve this issue in favor of the cellular companies.

D.

Weaver also argues that the trial court's refusal to allow the admission of additional evidence was reversible error. Applying the abuse of discretion standard outlined above, we must resolve this issue in the cellular companies' favor. In its memorandum opinion, the trial court correctly points out that it may not consider evidence not presented to the BZA in determining whether material evidence in the record supports the BZA's determination. *Hemontolor v. Wilson County Bd. of Zoning Appeals*, 883 S.W.2d 613, 618 (Tenn. Ct. App. 1994). In *Hemontolor*, we stated the following:

> [Tenn. Code Ann.] § 27-9-111(b) provides: "The hearing shall be on the proof introduced before the board or commission contained in the transcript, and upon such other evidence as either party may desire to introduce." Courts have limited the introduction of additional evidence to the question of whether the Board exceeded its jurisdiction or acted illegally, arbitrarily or capriciously. *See Watts*[*v. Civil Serv. Bd. for Columbia*], 606 S.W.2d [274,] 277 [(Tenn. 1980)]; *Massey* [*v. Shelby County Ret. Bd.*], 813 S.W.2d [462,] 465 [(Tenn. Ct. App. 1991)].

*Id.* In our judgment, the evidence in question does not bear upon the issue "of whether [the BZA] exceeded its jurisdiction, or acted illegally, arbitrarily or capriciously." *Id*. This evidence is nothing more than another documentary presentation of facts that were presented to the board in documents received at the BZA hearing. The proffered documents do not conclusively demonstrate that the documents received at the hearing were incorrect, incomplete, or otherwise of no evidentiary value. They simply present another point of view with respect to facts that were before the BZA. They certainly cannot be considered admissible as showing that the BZA acted improperly in this case. The trial court's refusal to consider the proffered evidence does not constitute an abuse of discretion.

VI.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, Sam C. Weaver. This matter is remanded for collection of costs assessed below, pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE