IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 2, 2011 Session

## DUFF L. BRUMLEY v. THE CITY OF CLEVELAND

**Appeal from the Chancery Court for Bradley County**
**No. 09-128      Jerri S. Bryant, Chancellor**

**No. E2010-00840-COA-R3-CV - Filed April 7, 2011**

This lawsuit stems from a grievance process initiated by a detective with the Cleveland Police Department, Duff L. Brumley ("Brumley"). Brumley was instructed to undergo retraining as a result of a citizen complaint letter written in connection with his investigation of a possible burglary. Brumley was dissatisfied with the mandatory retraining and initiated the grievance process under the City of Cleveland's official policy. The grievance reached an appeal hearing before the City Manager. The City Manager affirmed the order to Brumley to undergo retraining. Brumley filed an Application for Writ of Certiorari in the Trial Court. The Trial Court denied Brumley's Writ of Certiorari. Brumley appeals, claiming that the Trial Court improperly excluded additional evidence Brumley wanted to introduce and found a material basis for the City Manager's decision where none existed. We hold that the Trial Court did not err in its decision as to the additional evidence Brumley sought to admit. We further hold that the City Manager did not act arbitrarily or capriciously and had a material basis for her decision. We, therefore, affirm the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and JOHN W. MCCLARTY, J.J., joined.

W. Gerald Tidwell, Jr., Chattanooga, Tennessee, for the appellant, Duff L. Brumley.

Emily A. Cleveland, Knoxville, Tennessee, for the appellee, the City of Cleveland.

## OPINION

## Background

Brumley, a detective with the Cleveland Police Department[1], investigated a possible burglary at Attorney David S. Humberd's ("Humberd") office on December 16, 2008. Kimberly Moore ("Moore"), an employee of Humberd, spoke with Brumley upon his arrival at the office. Humberd's safe had been opened and money was missing. The safe utilized a touch-pad locking system for which only Humberd and Moore knew the combination. Brumley and Moore do not agree as to the details of their meeting.

On December 18, 2008, Moore sent a letter to Cleveland Chief of Police Wes Synder ("Snyder") in which she expressed dissatisfaction with Brumley's performance in the investigation. Specifically, Moore alleged that Brumley was negligent in his investigation and had directed suspicion at Moore for the crime. Brumley in turn wrote a formal letter in which he rebutted Moore's claims. In response to Moore's letter, Lieutenant Robert Harbison ("Harbison") instructed Brumley to undergo 28 days of retraining in order to improve his interpersonal and communication skills. Brumley, who had been working as a plainclothes detective, was required to wear a uniform for this retraining and to accompany Sergeant Suits on his shift. Harbison characterized the program as extra training rather than punishment.

Brumley opposed the decision requiring him to undergo retraining and initiated the grievance process. The City of Cleveland provided a four-part mechanism for addressing employee grievances as stated in its Personnel Rules and Regulations:

> STEP ONE: The employee makes an oral or written presentation of the grievance to the immediate supervisor within twenty (20) working days from the incident which prompted the grievance. It shall be the supervisor's responsibility to promptly investigate the grievance, discuss the matter with the Department Head, and take action if possible. The Supervisor shall inform the employee in writing of the decision and any action taken within seven (7) working days from the date the grievance was filed.

> STEP TWO: If the grievance cannot be resolved between the employee and the Supervisor during Step 1, the employee may reduce the complaint or

---

[1]Although not contained in the record, we were informed at oral argument that Brumley has been terminated from the Cleveland Police Department for reasons unknown to this Court. We decline to dismiss this appeal as being moot because of possible collateral consequences for one of the parties.

grievance to writing and request that the written statement be delivered to the Department head within three (3) working days of receipt of the Department Head's or Supervisor's response. If the employee is not satisfied with the response of the Department Head, he or she must proceed to Step 3.

STEP THREE: If the grievance is not resolved with the Department Head, the employee may request, in writing within three (3) working days, review by the Human Resources Committee. The Committee shall make such investigation and obtain the information sufficient to review the grievance within seven (7) working days, and will respond to the employee and the employee's Department Head in writing.

STEP FOUR: If the employee is not satisfied with the Human Resources Committee's response, the employee may, within three (3) working days of receiving the Committee's response, request in writing a hearing with the City Manager. The City Manager shall have ten (10) calender days to schedule a hearing after which a written response shall be made to the employee with copies to the immediate Supervisor and the appropriate Department Head. Every attempt will be made to resolve the employee's grievance, but the decision of the City Manager shall be final and binding on all parties involved unless appealed to Chancery Court by the employee or the City.

Brumley expressed his grievance in writing to Harbison on January 12, 2009. Brumley reiterated his objection to retraining and requested that Harbison deliver the letter to Snyder. Snyder sustained the instruction to retrain. Brumley pursued the next step and the Human Resources Committee was convened to hear the grievance. On January 27, 2009, the Human Resources Committee endorsed the retraining instruction.

Still opposed to retraining, Brumley undertook the fourth step of the City of Cleveland's official grievance process. The City Manager convened a hearing on February 6, 2009 to address Brumley's grievance. Brumley was represented by an attorney at this hearing. Harbison, Snyder, and the City Attorney were among the participants. The substance of Brumley's argument was that he acted properly in the investigation of Humberd's office, was a competent detective, and did not require retraining. The City Manager noted that she had read Moore's letter of complaint. Brumley denied having told Moore that either she or Humberd must have taken the money from Humberd's safe. Snyder argued that the relevant issue was Brumley's interpersonal skills and how the police were viewed by the citizenry. At the end of the hearing, the City Manager requested that no retraining occur until she had rendered an opinion. On February 23, 2009, the City Manager informed Brumley in writing that she affirmed the retraining. In part, the City Manager wrote

"I also request that you accept this training as offered–a way to improve your skills in dealing with our public. As employees of the City of Cleveland, we are ***all*** public servants."

Having exhausted the City of Cleveland's grievance process, Brumley, represented by counsel, filed an Application for Writ of Certiorari in the Bradley County Chancery Court on April 24, 2009. The City of Cleveland filed an Answer and the administrative record. The Chancery Court heard arguments from both parties at a hearing on November 17, 2009. Brumley contended that the order to undergo retraining was humiliating and stemmed from animus Snyder held toward Brumley. Brumley requested one week in which to brief the issue regarding the admissibility of his proposed new evidence.

Brumley did not file a brief within a week. On December 4, 2009, the City of Cleveland submitted a Request to Rule Based on the Transcript of Proceedings. On December 30, 2009, Brumley finally filed a brief in which he argued for the admission of his additional evidence and described the evidence he wished to admit. Brumley's additional evidence consisted of: Brumley's affidavit as evidence as to what Brumley would testify to in court; an affidavit of retired Lieutenant Detective Roy Cooper addressing Brumley's conduct at the investigation of Humberd's office; photographs from Humberd's office; Brumley's last performance evaluations; an indictment of two individuals in connection with thefts in the area of Humberd's office; a memorandum from the City Manager regarding an investigation by the District Attorney's Office; a report by Attorney General Steven Bebb; and a citation issued against Brumley for making harassing phone calls.

The Chancery Court, after incorrectly stating that Brumley had not filed a brief, relied on the existing record and entered an order on January 8, 2010 denying Brumley's Writ of Certiorari. The Chancery Court found that "there was material evidence to support the action of the City of Cleveland in this case." On February 2, 2010, Brumley filed a Motion to Reconsider. The City of Cleveland filed its Response in Opposition to Brumley's Motion to Reconsider. On March 17, 2010, the Chancery Court, after acknowledging that Brumley had filed a brief, although late, and that the City of Cleveland was not prejudiced by the tardy filing, entered a new order. The March 17, 2010 order denied Brumley's Motion to Reconsider on the grounds that the proffered additional evidence did not prove either arbitrariness or capriciousness and would not change the Trial Court's earlier judgment.

## Discussion

Although not stated exactly as such, Brumley raises two issues on appeal:

1. Whether the trial court erred by excluding the additional and/or new evidence sought to be introduced by Brumley.

2.  Whether the trial court erred in dismissing Brumley's Writ of Certiorari on the basis that material evidence supported the City Manager's decision and that the decision was not reached in an arbitrary or capricious manner.

As our Supreme Court has instructed:

> "In such actions the reviewing court is limited to inquiry as to whether the administrative agency acted fraudulently, illegally or arbitrarily. *Hoover Motor Express Company v. Railroad and Public Utilities Commission, 195 Tenn. 593, 261 S.W.2d 233 (1953).*

> Under the common law writ of certiorari, questions of law only will be reviewed by the courts. An action of an administrative agency which is not supported by any evidence is arbitrary and void and may be quashed on common law writ of certiorari. Whether or not there is any material evidence to support the action of the agency is a question of law to be decided by the reviewing court upon an examination of the evidence introduced before the agency. Any additional evidence offered to the reviewing court is limited to the question of whether the agency exceeded its jurisdiction or acted fraudulently, illegally or arbitrarily. *Hoover Motor Express Co., Inc. v. Railroad & Public Utilities Commission, 195 Tenn. 593, 261 S.W.2d 233 (1953). People's Bank of Van Leer v. Bryan, 55 Tenn.App. 166, 397 S.W.2d 400[401]; Bayside Warehouse Co. v. Memphis, 63 Tenn. App. 268, 470 S.W.2d 375; Brown v. Tenn. Real Estate Comm., Tenn.App. 1972, 494 S.W.2d 506,* cert. den. *414 U.S. 877, 94 Sup. Ct. 54, 38 L. Ed. 2d 122.*"

> In the trial court, under the common law writ, reversal or modification of the action of the Civil Service Board may be had only when the trial court finds that the Board has acted in violation of constitutional or statutory provisions or in excess of its own statutory authority; has followed unlawful procedure or been guilty of arbitrary or capricious action; or has acted without material evidence to support its decision. The trial court does not weigh the evidence. The scope of review by the appellate courts is no broader or more comprehensive than that of the trial court with respect to evidence presented before the Board.

*Watts v. Civil Serv. Bd. for Columbia*, 606 S.W.2d 274, 276-77 (Tenn. 1980).

We first decide whether the Trial Court erred by excluding the additional and/or new evidence sought to be introduced by Brumley. We apply an abuse of discretion standard of review in determining whether or not the trial court erred in excluding the introduction of additional evidence in a writ of certiorari review. *Weaver v. Knox County Bd. of Zoning Appeals*, 122 S.W.3d 781, 784 (Tenn.Ct.App. 2003). "Generally, the admissibility of evidence is within the sound discretion of the trial court." *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 131 (Tenn. 2004). "The trial court's decision to admit or exclude evidence will be overturned on appeal only where there is an abuse of discretion." *Id.* "A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). "Courts have limited the introduction of additional evidence to the question of whether the Board exceeded its jurisdiction or acted illegally, arbitrarily or capriciously." *Weaver*, 122 S.W.3d at 786 (quoting *Hemontolor v. Wilson County Bd. of Zoning Appeals*, 883 S.W.2d 613, 618 (Tenn.Ct.App. 1994)).

We now examine the additional evidence that Brumley sought to introduce at trial. In reviewing this proposed additional evidence, it is important to note the purpose of the retraining as stated by the City Manager. This stated purpose of the order of retraining was not to improve Brumley's investigative skills but rather was "to improve your skills in dealing with our public."

Brumley sought to introduce an affidavit consisting of what he would testify to before the Trial Court. In his affidavit, Brumley defends his conduct as to the investigation of the alleged burglary and questions why the Police Department would accept Moore's letter at face value. This affidavit does not address whether the City Manager acted in an arbitrary or capricious manner. "[E]xtrinsic evidence cannot be introduced to show that the administrative action was wrong." *McLeay v. Metropolitan Hosp. Authority*, No. M2006-01369-COA-R3-CV, 2008 WL 4963520, at *6 (Tenn.Ct.App. Nov. 20, 2008), *R. 11 appl. perm. appeal denied April 27, 2009.*

Brumley sought to introduce the affidavit of a retired police detective who would endorse Brumley's conduct in the investigation of the alleged burglary at Humberd's office. This evidence misses the point. The issue is not whether Brumley conducted a proper investigation, but rather whether the City Manager acted arbitrarily or capriciously. Photographs of Humberd's office allegedly corroborating Brumley's judgment are similarly irrelevant. Brumley's investigatory skills are beside the point in this appeal. Brumley sought to introduce his last performance evaluation. Likewise, Brumley's record of performance

is irrelevant in this appeal.

Brumley sought to introduce an indictment of two individuals arrested for burlgaries in the vicinity of Humberd's office as part of a different case made by Brumley. This evidence purports to show that Brumley knows how to investigate burglaries properly. Again, Brumley's investigatory skills are not at issue and this evidence, too, addresses the instrinsic correctness of the City Manager's decision, and thus is irrelevant to this appeal.

The last three pieces of evidence Brumley wished to introduce concerned alleged bias by Snyder against Brumley. This evidence consists of a memorandum by the City Manager concerning an investigation and report issued by the District Attorney's office, a report generated by Attorney General Steven Bebb, and a citation issued against Brumley for making harrassing phone calls. Brumley contends that Snyder blamed Brumley for an investigation of the Police Department. However, the relevant issue is not any alleged animus by Snyder as he did not issue the final order. "Anyone who may be aggrieved by any final order or judgment of any board or commission functioning under the laws of this state may have the order or judgment reviewed by the courts, where not otherwise specifically provided, in the manner provided by this chapter." Tenn. Code Ann. § 27-9-101 (2000). Here, the City Manager issued the final order, and, therefore, only evidence supporting the arbitrariness or capriciousness of her decisionmaking would be admissible.

Brumley maintains that the Trial Court failed to allow him to make an offer of proof in question and answer form. This argument is without merit. At the November 17, 2009 Trial Court hearing, Brumley requested one week to brief the issue. Brumley never asked the Trial Court that he be allowed to present an offer of proof in question and answer form. The Trial Court acknowledged in its order entered March 17, 2010 that Brumley had asked for an additional hearing "in an effort for [Brumley] to place into evidence certain documents and affidavits concerning an abuse of discretion by the City Manager for the City of Cleveland." An offer of proof must contain "the substance of the evidence and the specific evidentiary basis supporting the admission…" of the evidence. Tenn. R. Evid. 103(a)(2). Apart from question and answer form, one may make an offer of proof via actual testimony, stipulating to the content of the excluded evidence, or presenting an oral or written summary of the excluded evidence. *Hampton v. Braddy*, 270 S.W.3d 61, 65 (Tenn.Ct.App. 2007). The Trial Court adequately accommodated Brumley's attempt to introduce evidence by granting him time to file a brief in which he presented the proposed evidence.

Brumley further contends that the Trial Court abused its discretion when it "refused to hear all evidence proffered by Appellant." However, the Trial Court, in its March 17, 2010 order, stated that it had "reviewed the additional documents submitted..." by Brumley and that "[Brumley] provided no purported evidence to prove [arbitrariness] or

capriciousness on behalf of the City of Cleveland at the hearing given to Mr. Brumley. There is no proof in the record nor does there appear to be any available that Detective Brumley was treated differently by the City Police Department than any other officer in the same circumstance." Thus, the Trial Court did in fact consider the evidence proffered by Brumley and found that the evidence still did not demonstrate arbitrary or capricious treatment of Brumley by the City of Cleveland through the City Manager's decision.

We next decide whether the Trial Court erred in denying Brumley's Writ of Certiorari on the basis that material evidence supported the City Manager's decision and the decision was not reached in an arbitrary or capricious manner. On Certiorari review, "[a]n action of an administrative agency which is not supported by any evidence may be quashed on common law writ of certiorari. Whether or not there is any material evidence to support the action of the agency is a question of law to be decided by the reviewing court upon an examination of the evidence introduced before the agency." *Watts*, 606 S.W.2d at 276-77. "'[M]aterial evidence' is relevant evidence that a reasonable person would accept as adequate to support a rational conclusion." *Leonard Plating Co. v. Metropolitan Gov't of Nashville & Davidson County*, 213 S.W.3d 898, 904 (Tenn.Ct.App. 2006). "The amount of material evidence required to support a board's or agency's decision must exceed a scintilla of evidence but may be less than a preponderance of the evidence." *Id.*

Brumley makes much of Moore's alleged lack of expertise in police matters. However, the relevant issue is not whether Moore's complaint about Brumley's conduct was justified, but rather whether the City Manager acted in an arbitrary or capricious manner in reaching her decision. Further, it is not our role to question the wisdom of the City Manager's decision. It is sufficient that the City Manager relied on material evidence, which included information provided at the appeal hearing of February 6, 2009, a formal letter by Brumley defending his conduct in the investigation, and Moore's letter of complaint.

As we have discussed, our review in this case is exceedingly narrow. We may not substitute our own judgment for that of the City Manager. Nothing in the record suggests that the City Manager was motivated by animus towards Brumley. It is illuminating to note that Brumley neither was terminated nor suspended without pay as a result of Moore's letter. The City Manager expounded upon her reasoning in her final order: "I also request that you accept this training as offered–a way to improve your skills in dealing with our public. As employees of the City of Cleveland, we are ***all*** public servants." We agree with the Trial Court that the City Manager rendered a decison based on material evidence and did not act arbitrarily or capriciously.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Duff L. Brumley, and his surety.

_____
D. MICHAEL SWINEY, JUDGE