IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 8, 2012

## JAMES MASSENGALE v. TENNESSEE BOARD OF PROBATION AND PAROLE ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 101381I      Claudia Bonnyman, Chancellor**

**No. M2011-02249-COA-R3-CV - Filed July 25, 2012**

Appellant is a prisoner challenging a decision of the Tennessee Board of Probation and Parole. After the Board denied him parole, the appellant filed a common law writ of certiorari in the trial court. The trial court denied the appellant's discovery motions and dismissed his petition with prejudice. We find no error in the trial court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

James Massengale, Only, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and Pamela Lorch, Senior Counsel; for the appellee, State of Tennessee, Department of Probation and Parole.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

James Massengale has been an inmate in the custody of the Tennessee Department of Correction since his 1981 conviction for aggravated rape. At Mr. Massengale's parole hearing on April 15, 2010, the Tennessee Board of Probation and Parole ("the Board") declined him parole, citing "seriousness of offense" as the reason for denial, and scheduled Mr. Massengale's next review for 2011. Mr. Massengale's hearing decision notification for

the 2010 parole hearing lists seriousness of the offense as the grounds for denial of parole. The form also contains the statement, "Request Psych To Address Statutory Requirements." The Board's notice concerning the 2010 hearing states that parole was declined due to seriousness of the offense, and it also states "Request PL to address statutory requirements" in the comment section.

Mr. Massengale filed a petition for common law writ of certiorari in the Davidson County Chancery Court seeking judicial review of the decision by the Board to deny him parole. In his petition, Mr. Massengale initially claimed that the Board's denial of parole based on a seriousness of the offense standard, pursuant to Tenn. Code Ann. § 40-35-503(b)(2), violated the ex post facto clause. Further, Mr. Massengale claimed that such denial was an ex post facto violation because the Board improperly applied Tenn. Code Ann. § 40-28-116(a), which requires psychological evaluations before release of certain inmates deemed eligible for parole.

The Board filed a motion to dismiss arguing that there was not an ex post facto violation for the following reasons: (1) the Board's application of the seriousness of offense standard was the proper standard in 1981 when Mr. Massengale was convicted; (2) the Board's alleged application of the psychological evaluation standard provided by Tenn. Code Ann. § 40-28-116(a) was not ripe for review because the Board never actually applied such a standard; and (3) any alleged application by the Board of the modern psychological evaluation standard in Tenn. Code Ann. § 40-28-116(a) would still be less restrictive than application of the 1981 standard.

Mr. Massengale filed a response to the Board's motion to dismiss, conceding that seriousness of the offense was a parole standard in 1981 and that, therefore, parole denial on this basis was not an ex post facto violation. Mr. Massengale maintained his second argument related to the Board's application of the psychological evaluation standard.

The trial court denied the Board's motion to dismiss, stating that it needed to review the record to properly address the issues raised. Subsequently, the Board submitted the record, and the parties filed their respective briefs. Mr. Massengale filed a motion to stay the proceedings and a motion for leave to introduce additional evidence regarding other inmates' parole hearings, to which the Board filed its response. On September 30, 2011, the trial court issued a memorandum and order of dismissal, finding no ex post facto violation and denying Mr. Massengale's motion to stay proceedings as well as his discovery request.

STANDARD OF REVIEW

Decisions regarding parole are vested exclusively in the Board of Probation and Parole. Tenn. Code Ann. § 40-28-115(a), (c); *Doyle v. Hampton*, 340 S.W.2d 891, 893 (Tenn. 1960). Whether such decisions are lawful is subject to limited review under the common law writ of certiorari. *Baldwin v. Tenn. Bd. of Paroles*, 125 S.W.3d 429, 433 (Tenn. Ct. App. 2003). The applicable review inquires only whether the Board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. *Yokley v. State*, 632 S.W.2d 123, 126 (Tenn. Ct. App. 1981). "Conclusory terms such as 'arbitrary' and 'capricious' will not entitle a petitioner to the writ." *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994). "[I]t is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached." *Id.* "If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review." *Id.*

ANALYSIS

Mr. Massengale argues that the Board's application of Tenn. Code Ann. § 40-28-116(a) to his parole review hearing violates federal and state ex post facto provisions. The trial court properly determined that this issue is irrelevant and, accordingly, that review is not necessary because there is no evidence that the Board applied Tenn. Code Ann. § 40-28-116(a) to Mr. Massengale's parole review hearing.

The Board has the authority to deny release on parole if release "would depreciate the seriousness of the crime of which the defendant stands convicted" or if release would "promote disrespect for the law." Tenn. Code Ann. § 40-35-503(b)(2). Under Tenn. Code Ann. § 40-28-116(a)(1), "[t]he board has the power to cause to be released on parole any person who has been declared eligible for parole consideration by the board." A convicted sex offender may be released on parole, but only if that individual has undergone an evaluation by a psychiatrist or licensed psychologist and a determination is made "to a reasonable medical or psychological certainty that the inmate does not pose the likelihood of committing sexual assaults upon release . . . ." Tenn. Code Ann. § 40-28-116(a)(2).

This court has determined that the psychological evaluation described in this statute is required only once parole release has been recommended. *Phifer v. Tenn. Bd. of Parole*, No. M2000-015090-COA-R3-CV, 2002 WL 31443204, at *2 n.4 (Tenn. Ct. App. Nov. 1, 2002) (citing *McKinley v. Traughber*, No. 01-A-019804-CH-00205, 1998 WL 870544, at *2 (Tenn. Ct. App. Dec. 16, 1998)). Mr. Massengale was not denied parole because of the results of a psychological evaluation; he was denied parole due to the seriousness of his offense, a fact which the Board's notice concerning its actions and the transcript for the 2010

3

parole hearing clearly demonstrate. Both cite "seriousness of offense" as the reason for denying parole. The comment section of the Board's notice states, "Request PL to address statutory requirements." It is evident from the record that this was not a request to complete a psychological evaluation for consideration in the May 2010 parole decision; rather, it was an instruction to have an updated evaluation conducted for the file, as one is typically completed every five years, according to the testimony of the Board's hearing officer.

Therefore, whether the application of the psychological evaluation standard under Tenn. Code Ann. § 40-28-116(a) is an ex post facto violation is irrelevant because the psychological evaluation results were not the basis for denying Mr. Massengale parole release.

We next turn to the issue of whether the trial court properly denied Mr. Massengale's motion to stay the proceedings and his motion to introduce additional evidence. The court must apply an abuse of discretion standard to resolve this issue. *Weaver v. Knox Cnty. Bd. of Zoning Appeals*, 122 S.W.3d 781, 786 (Tenn. Ct. App. 2003). Judicial review under a common law writ of certiorari is typically limited to the record made before the board. *See Moore v. Metro. Bd. of Zoning Appeals*, 205 S.W.3d 429, 435 (Tenn. Ct. App. 2006). *See also Weaver* at 786 (Court did not err in refusing to consider additional evidence that did not bear on issue of whether zoning board exceeded its jurisdiction, or acted illegally, arbitrarily, or capriciously.).

Mr. Massengale moved the court to stay the proceedings and to order the Board to produce parole records of other aggravated rapists in an attempt to support his claim that the application of Tenn. Code Ann. § 40-28-116(a) to his case would be an ex post facto violation. However, because we have already determined that Tenn. Code Ann. § 40-28-116(a) was not the basis for Mr. Massengale's parole denial, these materials are not relevant to the denial of his parole. Therefore, the trial court did not abuse its discretion when it denied Mr. Massengale's motion to stay the proceedings and his motion to introduce additional evidence.

CONCLUSION

The judgment of the trial court is affirmed. Costs of appeal are assessed against the appellant, Mr. Massengale, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

4